No. 26-1362

# In the United States Court of Appeals
## for the
# Third Circuit

Solomon A. Jones,

*Plaintiff-Appellant,*

v.

Educational Testing Service,

*Defendant-Appellee.*

***On Direct Appeal:***

*District of New Jersey*
*Case No. 3:23-cv-20326-MAS-RLS*

## APPELLANT'S NOTICE OF JUDICIAL REVIEW

Solomon A. Jones
Pro Se
Phone: (229) 234-9383
soljones360@gmail.com

April 1, 2026

# APPELLANT'S NOTICE OF JUDICIAL REVIEW

# PURSUANT TO FED. R. EVID. 201

Comes now, Plaintiff-Appellant – Solomon A. Jones.  Pursuant to Federal Rules of Evidence ("Fed. R. Evid.") – Rule 201(b)(2) – *Kinds of Facts*, Rule 201(c)(2) – *Taking Notice*, and Rule 201(d) – *Timing*, Jones hereby moves this Court to take judicial notice of the following official federal financial assistance records maintained by the U.S. Department of the Treasury at usaspending.gov.

## I.     RELEVANT PUBLIC RECORDS

Jones requests judicial notice of the "Product or Service Code" for the federal funds received by the Appellee, Educational Testing Service ("ETS") between the years 2015 and 2021, which were referenced in Jones' *Second Amended Complaint* ("Operative Complaint").  These include, but are not limited to:

**Contract PIID: EDIES13C0017**.  The official record confirms ***Start Date: March 07, 2013*** and ***End Date: May 31, 2019***.  The description indicates one of the primary objectives for the contract was employment, satisfying the requirement for a Title VI claim: "*Product or Service Code (PSC)* → *RESEARCH AND DEVELOPMENT* → *AF: Education, Training,* ***Employment****, and Social Services R&D Services* → *AF11: EDUCATION, TRAINING,* ***EMPLOYMENT****, & SOCIAL SVCS R&D SVCS; …*" (*Contract: Educational Testing Service*, USASPENDING.GOV, last visited April 1, 2026, usaspending.gov) (A66).

https://www.usaspending.gov/award/CONT_AWD_EDIES13C0017_9100_-NONE-_-NONE-.

For the aforementioned contract EDIES13C0017, the funds are obligated for "Professional Support Services" related to the National Assessment of Educational Progress (NAEP). More specifically, the funds are obligated for "Professional Human Resource Services", which can include talent acquisition, workforce development, and recruitment support. Services regarding "Human Resources" and the aforementioned sub-categories indicate direct support for employment.

## II.    LEGAL AUTHORITY

*Standard of Review*: This Court reviews the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") – Rule 12(b)(6) dismissal de novo. Under *Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014), this Court may consider matters of public record integral to or explicitly relied on in the complaint without converting the motion to a motion for summary judgment. In *Schmidt v. Skolas*, the Third Circuit vacated in part and remanded. The Third Circuit held, inter alia, that courts deciding motions to dismiss must not rely on extrinsic materials to defeat claims, except for a narrow set of documents that are integral to or explicitly relied on in the complaint. The Court reasoned that the primary problem raised by looking to documents outside the complaint was the lack of notice to the plaintiff where the plaintiff has relied upon these documents in framing the complaint. The Court stated, "[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *See Schmidt v. Skolas.* In accordance with the Court's rationale, we extrapolate that if there is a

narrow exception of extrinsic material courts may use to defeat a claim, then certainly material referenced in a complaint may be used to support a claim.

*Taking Notice & Timing*: Under Fed. R. Evid. – Rule 201(c)(2), a court "must take judicial notice if a party requests it and the court is supplied the necessary information." Furthermore, under Fed. R. Evid. – Rule 201(d), a court "may take judicial notice at **any** stage of the proceeding." This is understood to include appellate review, as well as the district court.

*Indisputability*: Under Fed. R. Evid. – Rule 201(b)(2), a court may notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The website usaspending.gov is the official open data source for federal spending, mandated by the DATA Act of 2014.

*Merits*: The aforementioned record (A66) verifies that a primary objective of the federal financial assistance received by the Appellee, ETS, was to provide employment, as its description explicitly lists "employment" twice, satisfying the "judicial interpretative" threshold of 42 U.S.C. § 2000d-3 (Title VI).

## III.　BACKGROUND

The District Court erred by characterizing the figures set out by Jones in his *Amended Complaint* and *Second Amended Complaint* as merely "peppered references" without acknowledging their official public status (A98, A178). Jones chronologically and systematically delineated the number of awards and the total amount of those awards each year he was employed with ETS in the Operative

Complaint (A45-A46).  The amounts Jones referenced are identical and mimic the USA Spending chart's record (See A59).  The amounts of those awards are too large for someone to simply estimate from general knowledge, implying that Jones referenced the aforementioned figures from some source; that source was indeed usaspending.gov.  Moreover, those "peppered references" can be verified against the usaspending.gov chart Jones extracted them from (*Recipient Profile: Educational Testing Service*, USASPENDING.GOV, last visited April 1, 2026, usaspending.gov) (A59) https://www.usaspending.gov/recipient/e3896a2e-254d-b2ef-073d-a9d99c35d049-P/latest. It is important to note that, although the District Court mischaracterized the figures as being "peppered", the District Court properly characterized the figures as being "references" (A98, A178).

It is well-settled law that in considering a motion to dismiss, a court may consider the allegations of the complaint, **matters of public record**, and documents specifically referenced in or attached to the complaint. *See Gil v. Related Mgmt Co.*, No. 06-2174 (WHW), 2006 WL 2358574, \*2 (D.N.J. Aug. 14, 2006) (citing *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213 (3d. Cir. 2003)).  In considering a motion to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Davis v. Wells Fargo*, 824 F.3d 333 (3d Cir. 2016) (quoting *Mayer v. Belichick*, 605 F.3d 223 (3d Cir. 2010)).  Thus, Jones' "peppered references" are sufficient and are

in line with the aforementioned case law.  In summary, taking judicial notice of these records will ensure that "all" facts are equally considered and that this case will be decided on its full merits.

## IV.    CONCLUSION

In conclusion, Jones' Operative Complaint referenced data that directly points to a primary objective for receiving federal financial assistance for a contract ETS received was indeed for employment.  However, the District Court disregarded the reference, even though it was obligated to consider those facts as part of the complaint.  Furthermore, it is necessary to reiterate and emphasize that the figures referenced in the Operative Complaint are "not" new evidence, but evidence that should have been considered in conjunction with the Operative Complaint.  It is Jones' request that this Court, upon appellate review, take judicial notice of the aforementioned references that the District Court largely ignored.

**Dated:** April 1, 2026

Yours Truly,

*Solomon A Jones*
(Sign your name)

**Solomon A. Jones**
(Print your name)

(229)234-9383
(Your Telephone Number)

soljones360@gmail.com
(Your e-mail address)

# UNITED STATES COURT OF APPEALS
for the
## THIRD CIRCUIT

| | |
|---|---|
| **SOLOMON A. JONES,**<br>Plaintiff– Appellant,<br><br>**v.**<br><br><br>**EDUCATIONAL TESTING SERVICE,**<br>Defendant–Appellee.<br><br>_____ | ) <br> ) **CASE** <br> ) **NO.: 26-1362** <br> ) <br> ) <br> ) **CIVIL ACTION** <br> ) **NO.: 3:23-cv-20326-MAS-RLS** <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

I, Solomon A. Jones, hereby certify that on this **1st** day of **April 2026**, the counsel for the

opposing party, Educational Testing Service, Vincent N. Avallone and Scott G. Kobil, were

served a true and correct copy of the **Notice of Judicial Review** via the Court's electronic filing

system - CM/ECF, pursuant to Federal Rules of Appellate Procedure – Rule 25(a)(2)(B)(ii).

**Counsel for Defendant**
**Educational Testing Service**
Vincent N. Avallone - Attorney
vincent.avallone@klgates.com
**K&L Gates LLP**
One Newark Center, 10th Floor
Newark, New Jersey 07102
P: (973) 848-4000
F: (973) 848-4001

**Counsel for Defendant**
**Educational Testing Service**
Scott G. Kobil - Attorney
scott.kobil@klgates.com
**K&L Gates LLP**
One Newark Center, 10th Floor
Newark, New Jersey 07102
P: (973) 848-4000
F: (973) 848-4001

_Solomon A Jones_
_____
(Sign your name)

**Solomon A. Jones**
_____
(Print your name)

**(229)234-9383**
_____
(Your Telephone Number)

**soljones360@gmail.com**
_____
(Your e-mail address)